IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EDDIE TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CAUSE NO. |
| | § | |
| BNSF RAILWAY COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff, EDDIE TURNER, files this Original Complaint and would show:

### I. PARTIES

1. Plaintiff, EDDIE TURNER ("TURNER"), is an individual and a resident of Randall County, Texas.

2. Defendant, BNSF RAILWAY COMPANY ("BNSF"), is a Delaware corporation and may be served with process by serving its registered agent, CT Corporation System, by certified mail at 1999 Bryan St., Suite 900, Dallas, Texas, 75201-3136.

### II. JURISDICTION AND VENUE

3. This is a civil action over which this Court has original jurisdiction pursuant to Title VII and Section 1981. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to this action occurred in this Court's judicial district.

## III. FACTUAL BACKGROUND

5. Turner was an employee of Defendant. He worked as an employee since January of 2012.

6. Turner was initially terminated from his employment in October of 2017 citing the reason as low hours although he had as many, if not more, hours than several of his co-workers.

7. Likely realizing that they had terminated Turner under false pretenses, Defendant again terminated Turner for low hours, being zero hours, as he had been informed he was terminated a month before.

8. Defendant is African-American and to Defendant's knowledge was the only person in his area of employment that was terminated during this time period.

9. Turner filed a timely Claim of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

10. On September 25, 2020, Turner was mailed his "Right to Sue" letter from the EEOC. (A copy of the Letter is attached as Exhibit "A" to this Petition. Turner brings this suit within the prescribed ninety (90) days stated in that letter. The suit is therefore timely.

11. As stated above, Turner is African-American. He was one of a few African-Americans working in the railroad yard in Amarillo, Texas. During his time as an employee and even more so the last two years of his employment, he witnessed blatant discrimination against he and other African-Americans who worked for Defendant.

12. Turner was terminated simply because of his race. Rules are applied differently in the Amarillo yard for different races and it is clear that the pattern of Defendant was to single out African-Americans and set them up for failure or for bogus violations. This blatant discrimination not only resulted in harassment of Turner, but ultimately it was the reason for his termination.

13. Turner has suffered significant damages as a result of this discrimination for which he now sues.

### IV. CAUSES OF ACTION

14. **VIOLATION OF TITLE VII-** The acts of Defendant violated Title VII of the Civil Rights Act of 1964, as codified in 42 U.S.C. §§ 2000e, *et seq.* Plaintiff is a member of a protected class. Plaintiff was not only qualified for his position, but had performed in his position for almost seven years. Defendant terminated Plaintiff on the sole basis or primary basis of his race. Plaintiff and other African-Americans were treated less favorably than other races by the Defendant.

15. As a result of this racial discrimination Plaintiff suffered damages including, but not limited to:

   a. lost wages;

   b. lost earning capacity; and

   c. mental anguish.

All damages were proximately caused by Defendant's violations of Title VII.

15. **VIOLATION OF SECTION 1981-** The acts of Defendant violated 42 U.S.C. § 1981. Plaintiff was employed with Defendant. Plaintiff is a member of a racial minority. Defendant intentionally discriminated against Plaintiff on the basis of his race which resulted in his termination of employment. Plaintiff has suffered damages including, but not limited to:

   a. lost wages;

   b. lost earning capacity; and

   c. mental anguish.

All damages were proximately caused by Defendant's violations of § 1981.

## V. ATTORNEY'S FEES

16. As a result of the acts and omissions of Defendants, Plaintiff has hired the undersigned firm to bring his causes of action against Defendants and has agreed to pay reasonable attorney's fees. Turner is entitled to recover reasonable and necessary attorney's fees incurred in the prosecution of this action.

## VI. JURY DEMAND

17. Turner requests a trial by jury.

## VII. PRAYER

18. Turner prays that BNSF be cited to appear and answer herein and upon hearing that Turner recover judgment against BNSF for the following:

   a. Actual damages;

   b. Attorney's fees for services rendered and that are allowed by law;

   c. Post-judgment interest and costs;

   d. Exemplary damages as allowed by law;

   e. Penalties and interest as allowed by law; and

   f. All other relief to which Plaintiff may show himself entitled in law or in equity.

Respectfully submitted,

STOCKARD, JOHNSTON, BROWN
& NETARDUS, P.C.
P.O. Box 3280
Amarillo, Texas 79116-3280
Ph. 806/372-2202
Fax: 806/379-7799
Email: dstockard@sjblawfirm.com


*/s/  Dusty J. Stockard*
DUSTY J. STOCKARD
SBN 24028014
ATTORNEY FOR PLAINTIFF